THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL MORALES MORALES, Defendant and Appellant.

No. CR-65-83. Decided March 18, 1966.

*Edna Abruña Rodríguez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for the People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Rafael Morales Morales, appellant herein, and Diego Rivera Rivera were charged with the offense of burglary in the first degree. When the case was called for trial on October 8, 1963, Rivera appeared but appellant did not. On this occasion the district attorney announced to the trial court that he would use codefendant Rivera as prosecution witness and requested immunity for him, and it was so provided in the judgment[1] ordering the dismissal of the cause against him.

Appellant's case having been tried before a jury, he was found guilty and sentenced to serve from one to five years in the penitentiary at hard labor.

Appellant alleges that the trial court erred in concluding that the principal prosecution witness, Diego Rivera Rivera, was not appellant's accomplice and that it was not necessary to corroborate his testimony with other evidence, as required by Rule 156 of the Rules of Criminal Procedure,[2] and in not allowing the defense to interrogate the latter as to whether he had been promised immunity.

---

[1] The judgment in question reads as follows:

"On this day set for the hearing of this case, there appeared the defendant, personally and assisted by his attorney, Orlando J. Muñiz, and The People of Puerto Rico, by its district attorney, Manuel Bird Zalduondo.

"The district attorney announced to the court that he will use defendant Diego Rivera Rivera as prosecution witness in the cause against Rafael Morales Morales involving these same facts, wherefore the defense requests immunity for him.

"The court grants immunity to defendant Diego Rivera Rivera, and orders the Dismissal of the cause against him for burglary in the first degree.

"Humacao, Puerto Rico, October 8, 1963."

[2] Rule 156 of the Rules of Criminal Procedure reads as follows:

"A conviction may not be had on the sole testimony of an accomplice, unless it is corroborated by other evidence, which in itself, and without taking into consideration the testimony of the accomplice, tends to connect the defendant with the commission of the offense. This corroboration shall not be sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

 We must first determine the circumstances under which a person is considered an accomplice. In *People* v. *Rodríguez Hernández*, 91 P.R.R. 176 (1964), we said that "regarding the necessity for corroborative evidence, we have said that an accomplice is one who wilfully and knowingly— without there being coercion—'voluntarily and with intent, somehow joins in the commission of a crime, being therefore liable to prosecution for the same offense.' In other words, it is essential that the accomplice be prosecuted for the same offense as the person accused." The fact that the person's participation is inactive does not relieve him from liability. *People* v. *Aponte*, 83 P.R.R. 491, 499 (1961). Furthermore, the fact that a person is charged with an offense jointly with another does not ipso facto make him an accomplice. *People* v. *Álvarez*, 37 P.R.R. 540 (1928). VII Wigmore, Evidence 339, § 2060 (3d ed.).

Let us see whether or not in the light of the facts of the case, as disclosed by the record, the trial court's conclusion that Rivera was not an accomplice for appellant is warranted.

The first one to testify at the trial against Morales was an employee of the burglarized business. He testified that appellant and Rivera had been in the place of business about 9 p.m.; that they had purchased some portions of fish and had left; that afterwards he saw defendant in another store in the locality. He also testified that the following morning he was notified that the business where he worked had been burglarized; that when he arrived at the place he noticed that the money from the juke box and cigarettes were actually missing and that some windows had been forced open.

Rivera's testimony was to the effect that on March 8, 1963, between 7 and 7:30 p.m., while he was in the recreation park of Río Piedras, defendant offered him $7 to take him to Corcino's business in Naguabo beach. When they arrived at the place they entered Corcino's business. There

appellant purchased two portions of fish, one coffee and one beer. The witness only took the latter. Defendant then asked him to take him to the house of an aunt. Then to the house of another aunt. He asked him to wait for him and that he would pay him $7 more for taking him again to Río Piedras. The entrance to the house of this aunt was near Corcino's business; that defendant got out of the car with a small bag and entered through an alley; that defendant told him that the bag contained tools; and that he waited for him at about 50 feet from Corcino's business. That when defendant returned he noticed that he was carrying three packages and petty cash in his pockets. He then asked him to take him back to Río Piedras.

In his direct examination Rivera omitted certain details such as that when defendant returned to the car his pockets were full of petty cash. Thereupon the district attorney confronted him with the sworn statement which that witness had given during the investigation, and he then admitted that fact. The district attorney impeached his own witness on that point. The statement was admitted in evidence and the jury had it under consideration during deliberation. We copy below the pertinent part thereof.

"That on March 8, 1963, about 9:30 p.m., I arrived at Corcino's business in Naguabo beach in the company of Rafael Morales Morales. That we went in and he purchased two fish, that is, two portions of fish, and we took one beer. That I operated the car. I am not an authorized chauffeur. That the car belongs to Aracelio Méndez Vega, a resident of Arzuaga Street No. 1, Río Piedras, P.R. That we left after buying the fish. That he was carrying some tools in a small bag, I did not see the tools. . . . That later, about 1 a.m., we went back to the said business and I parked the car in front of Corcino's store. That Rafael got out of the car with a small bag containing the tools. That I saw when he went around the rear of the store. That about one hour later Rafael came out of the store with some packages containing cigarettes and his pockets were also full of petty cash. That he then said to me, 'let's go now.' He

did not tell me what he had done. That then I took him to Barrio Obrero, Villa Palmeras, where he lives. That I dropped him near the Carmelita Bar and then I left. That he paid me $7 for driving him from Santurce to Naguabo beach and back. That he left a package of Chesterfield cigarettes in the car."

Appellant's testimony was merely to the effect that he had never been "in Humacao beach," not even on the day of the facts charged; that never before had he seen witness Rivera nor the first witness; that he lives in the Annex of Miramar which is an institution for young delinquents. He said that "I am there for grand larceny," serving from 2 to 5 years; that he will turn 19 years of age.

The evidence adduced in this case, as just summed up, shows that Rivera merely rendered a transportation service, for pay, for driving appellant from Río Piedras to different places in Naguabo beach, including the house of an aunt near the establishment burglarized by appellant, where Rivera waited for him and from where he took him to his home in Santurce. Neither this service nor the fact of his accusation for the same offense warrants a conclusion that he participated in the commission of the offense. For the purpose of establishing such participation, it does not appear with reasonable clarity from the testimony given that (1) Rivera knew in advance, or in any manner was part, of appellant's purpose or plan to commit the burglary in question, or that (2) he received any part of the loot obtained with knowledge of its source, since it cannot be concluded that the $14 which he actually received for the transportation service from Naguabo to Santurce and back, at wee hours of the night, and the package of cigarettes which appellant left in the car constituted Rivera's share of the product of the burglary. The sworn statement of this witness was presented solely for the purpose of impeaching his testimony that when appellant returned to the car he only saw three packages. After considering his statement,

Rivera explained that appellant "Had quite a bit of petty cash." Although the facts set out in that statement may not constitute basis for sustaining that Rivera was an accomplice, since the statement was used only for the purpose of impeaching the witness' testimony—*cf. People v. Martínez Díaz*, 90 P.R.R. 456 (1964), and *People v. Martell Cajigas*, 88 P.R.R. 617 (1963)—we agree with the trial court that the facts set out in the statement, if its admission had not been limited in the manner indicated, do not establish Rivera's complicity either.

■■ Neither the testimony of the witnesses nor the said statement showed that Rivera had *full knowledge* of appellant's unlawful actions, and much less that he *wilfully, knowingly and intentionally participated* therein or in their fruits. The fact that he was charged with the offense could not per se make him an accomplice. We believe that the phrase "be prosecuted" which we employed in *Rodríguez Hernández, supra,* cannot be literally construed, since it is conceivable that any person in circumstances more or less suspicious may be prosecuted. The prosecution which may serve as basis for the witness to become an accomplice should necessarily be one having a stronger foundation than the district attorney's mere suspicion. The record does not disclose that Rivera Rivera's accusation was based on something more than the suspicion of his guilt surmised by the district attorney from the fact that Rivera drove, for pay, the vehicle in which appellant traveled. Therefore, a conclusion that Rivera was appellant's accomplice because of the fact that he was accused is not warranted.

For the reasons stated, the judgment rendered in this case by the Superior Court, Humacao Part, on January 23, 1964, will be affirmed.

Mr. Justice Rigau delivered a concurring opinion.

Mr. Justice Dávila dissented in an opinion in which Mr. Justice Belaval, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra concur.

—O—

MR. JUSTICE RIGAU, concurring.

San Juan, Puerto Rico, March 18, 1966

What the evidence essentially proved in this case as to the question of whether or not witness Rivera was an accomplice is that defendant-appellant engaged operator Rivera, upon payment of $7, to take him from Río Piedras to Naguabo beach, and that after visiting Corcino's business, where appellant purchased a few things, the latter asked Rivera to take him to the house of an aunt of his (of appellant). Afterward they went to the house of another aunt of appellant. There appellant asked driver Rivera to wait for him, and upon payment of $7 more, to take him back to Río Piedras, and he got out of the car and went in through an alley. Appellant returned after some time, got in the car and told Rivera to return to Río Piedras.

The evidence does not make witness Rivera an accomplice. There is no evidence that operator Rivera knew what appellant was going to do (before doing it) or what he had done (after doing it). I believe that if witness Rivera would have been prosecuted and convicted on the basis of the evidence before us, this Court would have acquitted him for lack of evidence.

I believe it is necessary to point out that, in determining who is an accomplice, the phrases that the witness "may be liable to prosecution" or "may be prosecuted" or the like, to signify that one who "may be prosecuted" is an accomplice, cannot be taken literally, since it is conceivable that any witness may be prosecuted (although afterwards he is acquitted). What those phrases indicate is that if the witness is an ac-

complice, he may or could be prosecuted successfully. What actually determines whether or not a witness is an accomplice is the evidence before the court. Not to look at the evidence, but to be guided by more or less felicitous verbalizations, is to decide on the basis of observing the shadow of the things rather than the things themselves.

The issue in this case, as in practically all cases, is controvertible. If we stretch the imagination to the utmost, we may reach almost any result. I agree with the majority opinion because I believe that it is the one which actually administers justice correctly in this case. That, and no other, is the function of the courts.

—O—

Mr. Justice Dávila, dissenting.

San Juan, Puerto Rico, March 18, 1966

The majority opinion makes a correct exposition of the construction which we have placed on the rule requiring corroboration of an accomplice's testimony. The recital of the evidence is essentially correct. But we cannot agree with the construction placed by the majority on the evidence in applying the rule requiring corroboration of an accomplice's testimony.

Before considering the evidence presented in order to determine whether appellant is an accomplice, it is first necessary to recite what happened prior to the hearing of the present case in the trial court.

Appellant and the only witness who incriminated him were jointly accused. The information read that "the said defendants, Diego Rivera Rivera and Rafael Morales Morales, on or about March 8, 1963, and in the municipality of Naguabo . . . unlawfully broke in the evening hours into 'Corcino's Sea Food' house-business . . . with the intent to commit, as they did, larceny."

From the minutes corresponding to May 20, 1963, it appears that on that day "defendant Diego Rivera Rivera was arraigned and that he pleaded not guilty and requested trial by jury." The hearing of the case was set for the following August 7. As to the other defendant, appellant herein, Rafael Morales Morales, it was stated that there was no record of his having been summoned and his arraignment was set for July 5.

Appellant herein was arraigned on July 3 and the trial was set for August 7. On that day, at the request of defendant Morales, represented by his attorney, Juanita Treviño, the hearing of the case was continued to October 8. Codefendant Rivera and his attorney were summoned and notified of this setting.

On October 8 there appeared codefendant Rivera, assisted by his attorney, and the other codefendant did not appear but his attorney was in the courtroom. It appears from the minutes that the district attorney informed the court that he would use codefendant Diego Rivera as prosecution witness against Rafael Morales Morales, and the defense then moved the court to grant immunity to Rivera. The judgment rendered in that case against Rivera Rivera and which reads as follows then appears in the record:

"On this day, set for the hearing of this case, there appeared the defendant, personally and assisted by his attorney, Orlando J. Muñiz, and The People of Puerto Rico, by its district attorney, Manuel Bird Zalduondo.

"The district attorney announced to the court that he will use defendant Diego Rivera as prosecution witness in the cause against Rafael Morales Morales involving these same facts, wherefore the defense requests immunity for him.

"The court grants immunity to defendant Diego Rivera Rivera, and orders the DISMISSAL of the cause against him for burglary in the first degree.

"Humacao, Puerto Rico, October 8, 1963."

Judgment was thus rendered in the case against Rivera ordering its dismissal.

In *People* v. *Rodríguez Hernández*, 91 P.R.R. 176 (1964), we reiterated that "regarding the necessity for corroborative evidence, we have said that an accomplice is one who willfully and knowingly—without there being coercion—'voluntarily and with intent, somehow joins in the commission of a crime, being therefore liable to prosecution for the same offense.' In other words, it is essential that the accomplice be prosecuted for the same offense as the person accused."

Rivera was indeed liable to prosecution for the same offense as appellant herein. Rivera's testimony during the trial, as well as the statement given before the district attorney and which was admitted in evidence, establishes that he participated in the events which gave rise to the accusation against appellant herein. In the sworn statement he asserts that "about 1 a.m., we went back to the said business and I parked the car in front of Corcino's business. That Rafael got out of the car with a small bag containing the tools. That I saw when he went around the rear of the business. That about one hour later Rafael came out of the business with some packages containing cigarettes and his pockets were also full of petty cash." If the sworn statement was admitted in evidence and considered by the jury when deliberating, we fail to see any justification for dispensing with it for the purpose of determining whether or not the witness was an accomplice.

Rivera's testimony complicated him in the offense allegedly committed by appellant. It warranted his accusation by the district attorney. That is all that is required for the necessity of corroboration of the statement to arise. As we reiterated in *People* v. *Rodríguez Hernández, supra*, "an accomplice is one who willfully and knowingly ... somehow joins in the commission of a crime, being therefore liable to prosecution for the same offense." From Rivera's testimony it is

clearly and reasonably inferred that he participated jointly with appellant. In the first place, he is not an authorized operator and is not engaged in driving automobiles for pay. He explained that he did it that evening because he needed money. At an unseemly hour, at 1 a.m., he drove him in his car to the front of a closed business. His companion got out of the car carrying a small bag containing tools and headed for the rear of the business. He waited for him until he returned with some packages and his pockets full of petty cash. The other requirements pointed out to the effect that in some way he willfully participated in the commission of the offense are also established. The fact that his participation was inactive does not relieve him at all from liability. *People* v. *Aponte*, 83 P.R.R. 491, 499 (1961).

There is no question that the witness could have been prosecuted for the same offense as appellant. Actually he was. It was after his arraignment and setting of the case for hearing that the district attorney moved for dismissal of the cause. It was then that the defense requested as a condition that he be granted immunity and the court rendered judgment accordingly. Although it is true that "the mere fact that a man is charged with a crime jointly with another does not ipso facto make him an accomplice," *People* v. *Alvarez*, 37 P.R.R. 540 (1928); VII Wigmore, Evidence 339, § 2060 (3d ed. 1940), the fact that he was accused and that judgment was rendered dismissing the cause and granting him immunity unquestionably serves in the present case to buttress the conclusion that the witness was an accomplice.

Witness Rivera being an accomplice, it was necessary to corroborate his testimony as required by Rule 156 of the Rules of Criminal Procedure of 1963. It was not. And this being the only evidence establishing appellant's liability, since the testimony of the other prosecution witness only established the corpus delicti, the judgment should be reversed and his acquittal ordered.